**FILED**

JUL - 9 2009

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**GLORIA DEAN YELDER,    Plaintiff**

1807 Eufaula Avenue

Birmingham, Alabama 35208
205-613-6680

Defendants,

**ROBERT M. GATES,**

Secretary of Defense,

UNITED STATES DEPARTMENT OF DEFENSE

1000 Defense Pentagon

Washington D.C. 20301-1000

**DEFENSE SECURITY SERVICE**

1340 Braddock Place

Alexandria, Va. 22314-1651

**WASHINGTON HEADQUARTERS SERVICES**

1155 Defense Pentagon

Washington D C. 20301-1155

Case: 1:09-cv-01301
Assigned To : Leon, Richard J.
Assign. Date : 7/9/2009
Description: Employ. Discrim.

1

## COMPLAINT

1. This is a suit for Race Discrimination under Title VI of the Civil Rights Act of 1964, as amended, Violation of Due Process in the Revocation of Plaintiff's security clearance and Termination from Employment, Fraud, Defamation of Character, Concealment and Misrepresentation of Material Information.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 1343, 1346 and 1361.

## PARTIES

3. The Plaintiff, Gloria D. Yelder, is an African American, over the age of 18 years old and is a resident of the State of Alabama.

4. The Defendants, United States Department of Defense, (DoD), (Defense Security Services, (DSS), Washington Headquarters Services, (WHS), are all federal agencies of the United States government.

5. At the time of the events in questions, the Defendant employed more than fifteen (15) employees.

6. Plaintiff was employed with DSS from September 1982 to August 1998, when her security clearance was revoked and she was terminated from her employment.

7. DSS also conducted Plaintiff's investigation for her security clearance.

8. Washington Headquarters Services, (WHS), was the adjudicator for Plaintiff's security clearance.

9. Plaintiff continues to pursue due process in the revocation of her security clearance and termination from employment as provided by DoD 5200.2-R.

10. Plaintiff discovered in May 2005 through court filings that Defendants, (DSS and WHS), were well aware that Plaintiff never received the information/investigations that she was entitled as provided by DoD 5200.2-R, to defend her case during the security clearance process with DSS and WHS and during her EEO complaints before DSS

11. Without being knowledgeable of the information in her security clearance or even being able to examine or explain the information, Plaintiff was asked to take a mental evaluation, her security clearance was revoked, her EEO complaints were dismissed and she was terminated from her employment as a special agent in 1998.

12. In December 2004, in the course of litigating this matter, for the first time, Plaintiff discovered that she was supposedly well aware of the allegations of an affair and the effects on her security clearance and termination from employment.

13. In November 2005, Plaintiff discovered that the chain of events began after receipt of a December 13, 1995 email message about an affair with the spouse complaining to DSS and ended with Plaintiff's removal.

14. From May 2005 to October 2008, Plaintiff had requested information about her security clearance under the Freedom of Information Act, (FOIA) from DSS and WHS.

15. In June 2007, Bruce Tweedler, executive secretary, WHSCAB, responded to a letter from Plaintiff, which stated that by provided for

by Executive Order 12968, "Access to Classified Information" and by DoD 5200.2-R, Department of Defense Personnel Security Program, in 1998 advise Plaintiff that she had fully exercised her administrative due process rights and her appeal case had received the exhaustive analysis and consideration given all cases.

16. But that statement could not be true for several reasons.

17. After receiving information under the FOIA in 2007/2008, Plaintiff discovered the following:

    a. Plaintiff never received all the information that was secretly placed in her security clearance.

    b. WHS advised Plaintiff that information about an alleged affair was placed in her security clearance by DSS, but Plaintiff never received the information about the affair while she was employed with DoD.

    c. Although information about an affair was placed in Plaintiff's security clearance, Plaintiff was never asked about an affair nor

did she have an affair, even before the affair was placed in the security clearance.

d. Plaintiff also discovered that the email about the affair with the spouse complaining started an investigation by DSS and later led to the revocation of Plaintiff's security clearance and termination from employment.

e. Notes from the adjudicator, Sharon Wiley disclosed that Plaintiff's periodic reinvestigation was favorable, but Plaintiff needed a mental evaluation based on personal conduct to make an adjudicative determination.

f. Wiley's notes and records reflected several different reasons that were never disclosed to Plaintiff for the reasons a mental evaluation was requested by WHSCAF.

g. In 2007/2008, Plaintiff discovered that the Recommended Decision of the Administrative Judge, dated May 14, 1998, that Plaintiff received in1998 after her personal hearing, was redacted.

h. But, the original copy of the recommended decision as well as the redacted copy of sent to WHSCAB, who made the final decision in Plaintiff's case. Plaintiff received one version of the story before DSS and WHSCAF and WHSCAB received another version of that same story.

i. Because Plaintiff was unaware of the information that WHSCAF and WHSCAB had in their possession about her security clearance, Plaintiff was unable to receive a fair hearing.

j. One of regulations of DoD 5200.2-R, in the security clearance appeal process, the administrative judge hearing Plaintiff would review and have the official files of WHSCAF before the personal hearing.

k. The recommended decision of the administrative judge reflected that the official files of WHSCAF did not have any of the correspondence for the basis of the tentative revocation of Plaintiff's security clearance, (mental evaluation), nor did the file have the information that Plaintiff submitted during the security clearance before DSS and WHSCAF.

7

l. Plaintiff discovered that thirty-six (36) pages of undisclosed secret documents were submitted to WHS by DSS in Plaintiff's security clearance, but that information was never disclosed to Plaintiff during the security clearance process.

m. WHSCAB reviewed the entire official files of WHSCAF, but the official files of WHSCAF did not have all the information.

n. Plaintiff discovered that a secret and confidential letter was sent from John Bell, Assistant US Attorney, U. S. Attorney Office in Birmingham, Alabama to the Magistrate John Ott, before the mediation before Magistrate Ott.

o. DoD was correct when they stated that Plaintiff was allowed to go through the procedures to appeal the revocation of her security clearance, but Plaintiff did not receive the correct and all information about why her security clearance was tentatively revoked.

18. Defendants, DoD, and their attorneys, US Attorney Office in Birmingham, Alabama have to be aware of the misleading and fraudulent information ( the email message about the affair), that

started Plaintiff's security clearance, since Plaintiff repeatedly stated that she did not have an affair during her deposition in 2000.

19. Throughout the proceedings before DSS, WHS and former civil suits, DoD has refused to disclose the information to Plaintiff. But DoD continued to use the same undisclosed and secret information to discredit Plaintiff.

20. Mr. Tweedler stated there was no defense element that requested a security clearance for Plaintiff at the present time, but it was WHSCAF and WHSCAB who permanently revoked Plaintiff's security clearance based on the undisclosed, fraudulent and secret investigation that was submitted by DSS, leaving Plaintiff without employment.

21. Plaintiff does not challenge the merits of her security clearance, although Plaintiff's security clearance was conducted and revoked based on information that she never received or responded to as provided by Executive Order 12968, "Access to

Classified Information" and by DoD 5200.2-R, DoD Personnel Security Program.

22. Plaintiff does challenge how her security clearance was conducted with disregards for the rules and regulations of DoD 5200.2-R and how it was presented in court based on fraudulent, secret and misleading information.

22. To deliberately place secret, fraudulent and misleading information in Plaintiff's security clearance that she was unaware of and then hid behind exemptions and Egan v. Navy, 484 U.S. 518, 108 S. Ct. 818 (1988), was unfair and unjust.

Therefore, Plaintiff requests and prays that this Court:

    a. Declare that Defendants' refusal to release all the information used to revoke Plaintiff's security clearance and terminate her employment was unconstitutional, unjust, unfair and illegal.

    b. Award Plaintiff compensatory as well as punitive damages for the pain and suffering that the actions of the

10

Defendants have caused to Plaintiff's reputation and career from the time she was terminated.

c. Plaintiff requests that all the fraudulent information be expunged from her records and her records be corrected.

d. Plaintiff requests that her security clearance be reinstated as well as her employment as a special agent.

e. Plaintiff requests Defendants issue Plaintiff an apology letter.

f. Award attorney and court fees to Plaintiff.

g. Award any other relief as the Court deem just and proper.

Respectfully submitted,

Gloria D. Yelder

*Pro Se*

1807 Eufaula Avenue

Birmingham, Alabama 35208

(205) 613-6680

11

## DEFENDANTS SERVED VIA CERTIFIED MAIL

1, Gloria D. Yelder, hereby declare that on the _____ day of

_____, 2009, I mailed a copy of the complaint and

summons, certified mail returned receipt, to the below listed

Defendants.

The Honorable Robert M. Gates, Secretary
Department of Defense
1000 Defense Pentagon
Washington D.C. 20301-1000

Defense Security Service
1340 Braddock Place
Alexandria, Va. 22314-1651

Washington Headquarters Services
1155 Defense Pentagon
Washington D. C. 20301-1155

The Honorable Eric Holder, US Attorney
US Attorney Office
950 Pennsylvania Avenue
Washington D.C. 20530-0001

Channing P. Phillips, U.S. Attorney
U.S. Attorney's Office
555 4th Street N
Washington D.C. 20530

Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208
(205) 613-6680


Certified Mail Green
Card Stapled here