UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA DEAN YELDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 09-1301 (RJL) |
| | ) |
| ROBERT GATES, | ) |
| SECRETARY OF DEFENSE, *et al.*, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER
(June 22, 2010) [# 8]

*Pro se* plaintiff Gloria Dean Yelder ("plaintiff"), a former employee of the United States Department of Defense ("DOD"), Defense Security Services ("DSS"), brought this action against defendants DSS, Robert M. Gates, Secretary of Defense, and DOD's Washington Headquarter Services ("WHS"), asserting violations of Title VII[1] of the Civil Rights Act of 1964 ("Title VII") and the Due Process Clause of the Fifth Amendment to the United States Constitution; defamation of character; concealment and misrepresentation of material information; and fraud. Before the Court is defendants' Motion to Dismiss the Amended Complaint. After careful consideration, the Court

---

[1] Plaintiff alleges "Race Discrimination under Title VI of the Civil Rights Act of 1964, as amended," Am. Compl. ¶1, but she states no facts germane to a Title VI claim. Defendants have treated this claim as a Title VII claim, which plaintiff has not disputed. Because plaintiff was *employed* by the defendant, the Court will also treat this claim as a violation of Title VII of the Civil Rights Act of 1964.

GRANTS the defendants' motion for the following reasons.

## ANALYSIS

Plaintiff's multiple claims must be dismissed for two reasons: the doctrine of res judicata and her failure to oppose the defendants' Motion to Dismiss as to the two arguably new claims she filed in her Amended Complaint.

As to the first group of her claims, the doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," *Montana v. United States*, 440 U.S. 147, 153 (1979), on "any ground for relief which [the parties] already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity[,]" and regardless of the soundness of the earlier judgment, *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). Accordingly, res judicata bars a lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted). An action based on the same nucleus of facts as that of a prior action is said to share the same cause of action, and therefore is barred by claim preclusion, even if the latter action is predicated on a different legal theory. *See Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

Plaintiff's claims here arise from her employment at DSS and subsequent

termination in August 1998, when she was terminated following revocation of her security clearance. Am. Compl. at ¶ 6. Since that time, plaintiff has filed a *series* of civil lawsuits against the DOD contesting the revocation of her security clearance and ultimate termination. *See* Ex. C – Ex. P to Def.'s Mot. to Dismiss. Indeed, two of these suits have already resulted in a *final judgment* on the merits. *Yelder v. Dep't of Def.*, No. 04-1032 (N.D. Ala., Jan. 13, 2005) (order of dismissal); *Yelder v. Dep't of Def.*, No. 00-0458 (N.D. Ala., Feb. 5, 2002) (order granting summary judgment and dismissing action). The defendant in those cases, of course, is in privity with the current defendants.[2] Moreover, plaintiff's current Title VII, due process, and defamation claims arise from the same nucleus of facts as her prior lawsuits in the Northern District of Alabama: the revocation of her security clearance and subsequent termination from her employment at DSS. Thus, res judicata bars litigation of these claims and they must therefore be dismissed.[3]

With respect to plaintiff's two arguably new claims, the plaintiff's suit should be dismissed due to her failure to respond to the defendants' motion pursuant to Local Rule of Civil Procedure 7(b). LCvR 7(b); *see also Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Indeed, "[i]t is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments

---

[2]Robert Gates is the Secretary of Defense; DSS is a DOD agency, and WHS is a DOD Field Activity.

[3]In fact, these identical claims have already been dismissed on identical grounds by the District Court for the Northern District of Alabama. *Yelder*, No. 04-1032 (N.D. Ala., Jan. 13, 2005) (order of dismissal).

raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003). While treating a motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary, our Circuit Court has noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

The government here argued alternatively in its Motion to Dismiss that plaintiff's concealment and misrepresentation of fraudulent information claims should be dismissed because: (1) they are barred by res judicata since they arise from the same cause of action; (2) they are non-actionable torts under the Federal Tort Claims Act ("FTCA"), which prohibits liability for "[a]ny claim arising out of . . . libel, slander, misrepresentation [or] deceit", 28 U.S.C. § 2680(h); or (3) even assuming the FTCA does apply, this Court lacks subject matter jurisdiction, as plaintiff has failed to comply with the time requirements for administrative exhaustion as set out in the FTCA, 28 U.S.C. § 2401(b). Though plaintiff filed an opposition to the defendants' Motion to Dismiss, she did not oppose these arguments by the government. *See generally* Pl.'s Opp'n to Def.'s Mot. to Dismiss. Thus, these claims must also be dismissed as conceded.

For the reasons set forth above, it is hereby

**ORDERED** that the defendants' Motion to Dismiss [#8] is **GRANTED**, and it is further

**ORDERED** that the above-captioned case be dismissed with prejudice.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge